UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DENNIS SOBIN,<br><br>Plaintiff,<br><br>v.<br><br>THE ATTORNEY GENERAL OF INDIANA (in his official capacity),<br><br>Defendant. | ) | No. 1:26-cv-02114-JRO-KMB |

**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, DISMISSING COMPLAINT, AND DIRECTING FURTHER PROCEEDINGS**

This matter is before the Court on *pro se* Plaintiff Dennis Sobin's Motion for Leave to Proceed *In Forma Pauperis*. Dkt. 2. Plaintiff initiated this action under 42 U.S.C. § 1983 against the Indiana Attorney General, alleging Indiana's statutes criminalizing prostitution violate his Fourteenth Amendment rights. Dkt. 1. Because the Court **GRANTS** the motion to proceed *in forma pauperis*, this action is also subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons below, the Court **DISMISSES** Sobin's complaint without prejudice and directs further proceedings.

## I. IN FORMA PAUPERIS STATUS

The Court may authorize a plaintiff to file a lawsuit "without prepayment of fees" if the plaintiff "submits an affidavit" demonstrating that he lacks the assets to pay the filing fee at this time. 28 U.S.C. § 1915(a)(1). Sobin's motion, dkt. 2, meets this standard and is **GRANTED** accordingly.

While *in forma pauperis* status allows a plaintiff to proceed without pre-paying the filing fee, the plaintiff remains liable for the full fees. "[A]ll § 1915(a) does for any litigant is excuse the *pre*-payment of fees. Unsuccessful litigants are liable for fees and costs and must pay when they are able." *Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997)). The filing fee for *in forma pauperis* litigants is $350.00. No payment is due at this time, but the $350.00 balance remains due and owing.

## II. SCREENING STANDARD

When a plaintiff is granted *in forma pauperis* status, the Court has an obligation to ensure the complaint is legally sufficient. 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary damages against a defendant who is immune from such relief. *Id.* Dismissal under § 1915 is an exercise of this Court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992). In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "taking all well-pleaded allegations of the complaint as true and viewing them in the light most favorable to the plaintiff." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (quoting *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). To survive dismissal, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Because a defendant must have "fair notice

of what . . . the claim is and the grounds upon which it rests," it is not enough for a plaintiff to say that he has been illegally harmed. *Twombly*, 550 U.S. at 555. Rather, he must set forth a "short and plain statement" of facts in his complaint such that the Court can infer the ways in which the named defendant could be held liable for the harm alleged. Fed. R. Civ. P. 8(a)(2).

*Pro se* complaints, such as Sobin's, are construed liberally and held "to a less stringent standard than formal pleadings drafted by lawyers." *Arnett*, 658 F.3d at 751. Nevertheless, any plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

**III. THE COMPLAINT**

Dennis Sobin seeks declaratory and injunctive relief from Indiana's statutes criminalizing prostitution, Indiana Code §§ 35-45-4-2 and -3. Dkt. 1 at 2. Sobin states that he "engages in private consensual sexual conduct with other competent adults in Indiana," and that he "faces a credible threat of prosecution" if he continues his conduct in Indianapolis and Marion County. *Id.*

Sobin argues that the Indiana statutes criminalizing this conduct violate the Due Process and/or Equal Protection Clause of the Fourteenth Amendment because Indiana has no rational basis in criminalizing prostitution. *Id.* at 3. He cites *Lawrence v. Texas*, 539 U.S. 558 (2003), for the proposition that he has a protected liberty interest in "private consensual adult sexual conduct." *Id.* at 1. He seeks a declaration that the Indiana statutes at issue are unconstitutional as

applied to him and an injunction enjoining the Indiana Attorney General from enforcing the statutes against him. *Id.* at 4–5. In doing so, he invokes the *Ex parte Young* doctrine, which authorizes suits for prospective injunctive relief against state officials irrespective of state sovereign immunity. *Id.* at 4.

Sobin has brought nearly identical actions in numerous other jurisdictions challenging the constitutionality of state criminal prostitution laws.[1]

**IV. DISCUSSION**

The Court can only adjudicate disputes over which it has jurisdiction. "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Article III of the United States Constitution restrains the judicial power of federal courts to resolution of "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1. "For there to be a case or controversy under Article III, the plaintiff must have a 'personal stake' in the case—in other words, standing." *TransUnion LLC v. Ramirez,* 594 U.S. 413, 423 (2021) (quoting *Raines v. Byrd*, 521 U.S. 811, 819 (1997)). "[P]laintiffs must demonstrate standing for each claim that they press and for each form of relief

---

[1] *Sobin v. Attorney Gen. of Delaware*, 1:26-cv-1152-GBW, dkt. 2 (D. Del. Sept. 14, 2026); *Sobin v. Miyares*, 1:26-cv-3055-MSN-IDD, dkt. 1 (E.D. Va. Sept. 14, 2026); *Sobin v. Funk*, 3:26-cv-1287, dkt. 1 (M.D. Tenn. Sept. 9, 2026); *Sobin v. Stein*, 5:26-cv-649-M-KS (E.D.N.C. Sept. 8, 2026); *Sobin v. Attorney Gen. of Maryland*, 1:26-cv-3376-GLR, dkt. 1 (D. Md. Aug. 24, 2026); *Sobin v. Commonwealth of Virginia*, 1:26-cv-2304, dkt. 1 (E.D. Va. July 27, 2026); *Sobin v. State of Rhode Island*, 1:26-cv-470-MRD-PAS, dkt. 1 (D.R.I. July 17, 2026); *Sobin v. Texas*, 6:26-cv-454-CRW-DNM, dkt. 7 (W.D. Tex. Sept. 17, 2026); *Sobin v. Nevada*, 2:26-cv-2099-GMN-BNW dkt. 1-1 (D. Nev. July 10, 2026); Sobin v. James, 1:26-cv-5853-LTS, dkt. 1 (S.D.N.Y. July 9, 2026); *Sobin v. Colorado*, 1:26-cv-3074-RTG, dkt. 1 (D. Colo. July 9, 2026); *Sobin v. Lopez*, 1:26-cv-347-JAO-WRP, dkt. 1 (D. Haw. July 7, 2026); *Sobin v. Frey*, 1:26-cv-343-LEW, dkt. 1 (D. Me. July 1, 2026); *Sobin v. Jones*, 4:26-cv-00270-RSB-CLR, dkt. 1 (S.D. Ga., Oct. 5, 2026).

that they seek (for example, injunctive relief and damages)." *TransUnion*, 594 U.S. at 431. To demonstrate standing for injunctive relief, "a plaintiff must face a 'real and immediate' threat of future injury as opposed to a threat that is merely 'conjectural or hypothetical.'" *Simic v. City of Chicago*, 851 F.3d 734, 738 (7th Cir. 2017) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)). A plaintiff who seeks to prospectively prevent enforcement of an allegedly unconstitutional law may establish such imminent injury by alleging he faces "a credible threat of prosecution." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014) (quoting *Babbitt v. Farm Workers,* 442 U.S. 289, 298 (1979)).

Here, Sobin has failed to plausibly plead that he faces imminent injury for two reasons. First, while he states he "engages" in conduct that violates the statute, he does not include any fact suggesting he plans to engage in such conduct in Indiana in the near future. *See Lujan*, 504 U.S. at 564 (requiring more than "some day" intentions lacking any concrete plans). Second, Sobin's allegation that he faces a credible threat of enforcement is conclusory and need not be credited. *Iqbal*, 556 U.S. at 663. He presents no facts from which the Court could infer he faces a credible threat of prosecution. *See Susan B. Anthony List*, 573 U.S. at 159 (2014) (finding a petitioner alleged credible threat of enforcement when he wished to continue conduct after he was—in fact—threated with prosecution if he persisted). Because Sobin has not pled imminent injury, his complaint is **DISMISSED**. Dkt. [1].

## V. CONCLUSION

For the reasons above, Sobin's Motion for Leave to Proceed *In Forma Pauperis* is **GRANTED.** Dkt. [2]. His complaint, dkt. [1], however, must be **DISMISSED without prejudice** for lack of standing.

The dismissal of the complaint will not lead to the dismissal of the action at present. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the Court will allow the plaintiff to amend his complaint if, after reviewing this Court's order, he believes that he can state a viable claim for relief, consistent with the allegations he has already made. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a *pro se* litigant, an opportunity to amend his complaint."); *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014 (7th Cir. 2013).

The plaintiff shall have **through November 16, 2026, to file an amended complaint.**

The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendants with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury. In organizing his complaint, the plaintiff may benefit from using the Court's complaint form.

The **clerk is directed** to include a copy of the *pro se* non-prisoner complaint form along with the plaintiff's copy of this Order, which may assist Sobin in filing an amended complaint.

Any amended complaint should have the proper case number, No. 1:26-cv-02114-JRO-KMB, and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If Sobin files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

**SO ORDERED.**

Date: 10/19/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

DENNIS SOBIN
725 24th St. NW
Apt 613
Washington, DC 20037